[No. 777: Decided March 16, 1893.]

C. C. BOWMAN, *Respondent*, v. H. J. McGREGOR, *Respond-
ent*, W. B. GOULD, *as the Sheriff of Clallam County*, AND
THE PUGET MILL COMPANY, *Appellants*.

REPLEVIN OF PARTNERSHIP GOODS BY ONE PARTNER—ENJOINING
JUDGMENT.

.  .Where one partner has replevied partnership goods which had
been levied upon under a judgment against his co-partner, he can-
not enjoin the enforcement of a judgment against him for the re-
turn of the goods, or for their value, on the ground that the goods
were the property of an insolvent partnership and that he had ap-
propriated them to the use of said partnership.

Where the proof in a replevin suit shows that the defendant has
merely a special interest in the property levied upon and does not
show the amount, an erroneous judgment against plaintiff should
be remedied by appeal and not by injunction.

*Appeal from Superior Court, Clallam County.*

*Struve & McMicken, L. M. Lane,* and *James Kiefer,* for
appellants.

*Benton Embree,* for respondent.

The opinion of the court was delivered by

HOYT, J.— By this action plaintiff sought to enjoin the
enforcement of a judgment rendered against him in an ac-
tion of replevin, in which he, as plaintiff, had been defeated
after a trial upon the merits.

There was no allegation in the complaint that such judg-
ment was rendered by reason of any fraudulent representa-
tions on the part of the defendants therein, nor of any
mistake of facts on the part of the plaintiff.   There was
an allegation that the property taken by the plaintiff in
such replevin suit was not the property of the defendant,
but was the property of a certain partnership of which the
plaintiff was a member, which had been levied upon by the

defendant under an execution issued upon a judgment against the other partner in said firm. Said complaint further alleged that such partnership was insolvent at the time of such levy, and that the plaintiff was unable to return the property taken from the defendant in said replevin suit for the reason that he had appropriated it to the uses of said partnership.

These were substantially all the allegations tending to show any reason why the judgment at law should not be enforced. In our opinion they were insufficient for that purpose. It is a well settled principle relating to the action of replevin, that the fact that the property taken is that of a person not a party to the action is no sufficient reason why there should not be a judgment in favor of the defendant for the return thereof, or for its value if a return cannot be had. This being the established rule as to such actions, it follows that under the allegations in this complaint the judgment for the defendant for a return of the property or its value was properly entered. And as there was no allegation of any such change of circumstances since such entry as would warrant the interference of a court of equity, we are unable to see any reason why it should be allowed to interfere to prevent the enforcement of such judgment.

There is a suggestion in the brief of respondent that the proof in the replevin suit showed that the defendant had only a special property in the goods taken, and that the amount thereof was not shown, and that for that reason the judgment in replevin was erroneous. However true this suggestion might be, it could afford no ground for the interference of a court of equity. If such judgment was erroneous, plaintiff should have sought relief against the same by appeal, and having failed to do so he cannot obtain such relief by a bill in equity. So far as we can see, the facts alleged in this complaint simply show an ordinary case of

the failure of the plaintiff to maintain the right to the possession of property which he has taken in replevin, and that as a result of such failure a judgment has been properly entered against him for the value of the property.

The complication as between the plaintiff and the other member of the partnership, while in some sense tending to show the existence of facts involving other principles than those above stated, does not, in our opinion, when carefully considered, take the case out of the general rule. The defendant, as sheriff, is responsible to the partnership for the property, and not to the individual partner who brings this action, and the plaintiff, as an individual member of such partnership, cannot, in the indirect method which he has sought, assert the rights of the partnership to the property against the claims of such defendant. If he were allowed thus to do it would force the defendant to participate in the adjudication of the partnership affairs at the instance of a single partner without the intervention of the other, or of the creditors of the firm, who, under the allegations of the complaint, would be more interested in the result than anyone else.

The plaintiff wrongfully sued out the writ of replevin, and, having done so, he must answer to the defendant for the property thus wrongfully taken possession of. As to what the rights of the firm are as against such defendant, we are not now called upon to adjudicate. We are unable to see any reason why equity should interfere with the enforcement of the judgment in the replevin suit.

It follows that the judgment rendered in the court below must be reversed, and the cause remanded with instructions to sustain the demurrer to the complaint.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

SCOTT, J., dissents.